**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BURVEL LEMINGS and                                                                            PLAINTIFFS
LAURA LEMINGS

v.                                            No. 4:12CV00342 JLH

DOUG EASTRIDGE and
KRISTY EASTRIDGE                                                                             DEFENDANTS

**OPINION AND ORDER**

Burvel and Laura Lemings bring this action against Doug and Kristy Eastridge, alleging trespass, negligence, outrage, and private nuisance. These four claims revolve around bordering tracts of real property owned by the plaintiffs and the defendants in Van Buren County, and a creek that flows across their land. The defendants have filed a motion to dismiss the complaint, arguing that the plaintiffs cannot meet the amount-in-controversy requirement under 28 U.S.C. § 1332. In the alternative, the defendants request that the Court abstain from exercising jurisdiction under *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), or at minimum dismiss the outrage claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiffs have responded, thus the motion is ripe for judgment. For the following reasons, the motion is granted on the plaintiffs' outrage claim and denied in regard to the amount in controversy and abstention.

**I.**

In their complaint, the plaintiffs claim that in November 2011 the defendants began a major excavation project on their property in Van Buren County. This project eventually diverted the course of Opossum Walk Creek, according to the plaintiffs, causing severe damage to the plaintiffs' property, which is located immediately downstream from the defendants' property, and to an easement the plaintiffs held across the defendants' property. Examples of damage given by the

plaintiffs include massive amounts of sediment and debris being washed downstream onto their property, the rendering of the plaintiffs' low-water bridge and road as impassable, and the loss of timber on their property. The plaintiffs allege that the defendants knew that the excavation project would cause damage to the plaintiffs' land, and that they carried it out anyways in retaliation for the plaintiffs having filed a lawsuit against the defendants in May 2008.

## II.

When opposing parties in an action are citizens of different states, as they are here, a district court has original jurisdiction if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a); *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 931 (8th Cir. 2010) (citing *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002)). The party asserting jurisdiction based on diversity of citizenship generally has the burden of establishing that the amount in controversy is greater than $75,000. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). When a "defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp*, 280 F.3d at 884-85. Thereafter, "the complaint will be dismissed if it appears 'to a legal certainty' that the value of the claim is actually less than the required amount." *Id*. "The legal certainty standard is met where the 'legal impossibility of recovery [is] so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" *Schubert*, 649 F.3d at 822 (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

The defendants have challenged the plaintiffs' amount-in-controversy allegations, so the plaintiffs must demonstrate jurisdiction by a preponderance of the evidence; that is, they must show that "a fact finder could legally conclude, from the pleadings and proof adduced to the court before

trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp*, 280 F.3d at 885. The plaintiffs offer the affidavit of Stanley Mathis, a professional engineer with "extensive design and construction experience on soil and water conservation practices." Document #8-2, at 1. Mathis states that he reviewed photographs of Opossum Walk Creek and determined that it "has endured stress invoked by a channel adjustment, and that stream bank restoration and stabilization is necessary to prevent further damage downstream." *Id.* at 1-3. He also determined, again through photo review, that "a low water crossing has been destroyed, probably as a result of the recent stream alterations." *Id.* at 3. In Mathis's opinion, "the damaged stream bank of Opossum Walk Creek can be restored, if it is done pursuant to a properly designed stream bank restoration and stabilization project." *Id.* Such a project would restore the creek, rebuild the water crossing, and prevent future damage, and it would cost $189,500. *Id.*; *see also id.* at 9-10 (charting the specific costs supporting Mathis's overall estimate). Based on this affidavit, the plaintiffs argue that the damage to their land is temporary (i.e. it can be fixed), not permanent, and therefore the appropriate measure of damages would be "the cost of restoring the property to the same condition that it was in prior to the injury." *Fox v. Nally*, 34 Ark. App. 94, 96, 805 S.W.2d 661, 662 (Ark. App. 1991). Because the cost of restoration—$189,500—greatly exceeds the amount-in-controversy minimum, the plaintiffs contend, they have successfully alleged diversity jurisdiction.

The defendants first argue, based on the affidavit of Doug Eastridge, that the amount-in-controversy requirement cannot be met because they have not caused any damage to the plaintiffs' property. *See* Document #6-1, at 2 (Eastridge: "I do not believe that any activity on my part caused any observable damage to property owned by the Lemings."). In other words, the defendants essentially ask the Court to find in their favor on the merits of the case based on a defendant's

3

affidavit stating that there was no damage. To do so would ignore the fact that the plaintiffs have presented an affidavit stating that there has been damage to the property. *See* Document #8-2. Thus, at minimum, a fact issue precludes a ruling in the defendants' favor. Even if the defendants' affidavit were presumed to be true, however, Eighth Circuit precedent indicates that a district court should recognize "federal jurisdiction 'where the issues relating to the amount in controversy [are] so commingled with the merits that the final disposition [is] properly deferrable to the trial itself." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969)).

In the alternative, the defendants argue that the plaintiffs have admitted in their complaint that any damage done to their land is permanent, not temporary. Thus, this argument goes, "the proper measure of damages is the diminution in the fair market value of the property by reason of that injury or, in other words, the difference between the value of the property before and after the injury." *St. Louis S.F. Ry. Co. v. Friddle*, 237 Ark. 695, 696, 375 S.W.2d 373, 374 (1964) (citations omitted). Using this method, the defendants contend, the specific property damage alleged "does not come near to the jurisdictional threshold." *See* Document #6, at 5. The defendants misconstrue the complaint. Nowhere do the plaintiffs admit that the damage done to their property is permanent. The plaintiffs state, in alleging their private nuisance claim, that the defendants' conduct is creating a "nuisance that is of a consistent, recurring and *permanent* nature." Document #1, at 6 (emphasis added). This is not admission that the plaintiffs' property is permanently damaged. Rather, it is an accusation of ongoing (i.e. permanent) wrongful conduct by the defendants. The complaint explicitly states that the plaintiffs' damages request includes "the cost of restoring the stream bank to its natural state" and "the cost of restoring the Lemings Property to its condition prior to Defendants' negligence."

4

Document #1, at 4-5. As the defendants have offered no other evidence to indicate that the damages are permanent, the Court must conclude, for purposes of ruling on the jurisdictional issue, that the damages are temporary.[1] The Mathis affidavit indicates that the cost of restoration is well above $75,000. That affidavit has not been contested at this early stage, so the plaintiffs have met their burden. The defendants have offered nothing that would allow the Court, at this point, to find to a legal certainty that the alleged damage to the plaintiffs' property would be valued at $75,000 or less.

### III.

Next, the defendants argue that, if their amount-in-controversy argument fails, the Court should abstain, under *Younger*, from exercising jurisdiction in this case in deference to a case pending between the same parties in Van Buren County. Abstention is proper, the defendants contend, because the present action could have been brought in the ongoing state action, neither action involves a federal question, and the case involves an important state interest—real property. As the plaintiffs note, however, the only defendant in the present case who was also a party to the state court case, Doug Eastridge, has recently been dismissed from that case. *See* Document #8-4. Thus, abstention is inappropriate, as the parties in the two actions are not the same and therefore the actions are not parallel. *See Trainor v. Hernandez*, 431 U.S. 434, 440, 97 S. Ct. 1911, 1916 (1977) (abstention doctrine involves "litigation between the same parties"); *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3rd Cir. 2005) (first prong of *Younger* test requires state proceeding involving the "same parties and 'substantially identical' claims, raising 'nearly identical allegations and issues'" (citation omitted));

---

[1] Whether damages are permanent or temporary is typically a jury question. *See Benton Gravel Co. v. Wright*, 206 Ark. 930, 175 S.W.2d 208, 210 (1943). In this case, however, the defendants have not offered anything that would allow a reasonable jury to conclude that the damages were permanent.

5

*Bates v. Van Buren Tp.*, 122 Fed. Appx. 803, 805 (6th Cir. 2004) (*Younger* abstention requires "a parallel case between the same parties"); *cf. Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) ("[T]here is no need for abstention unless the state and federal courts have concurrent jurisdiction of an issue or case.").

**IV.**

Finally, the defendants move the Court to dismiss the plaintiffs' outrage claim under Federal Rule 12(b)(6). The pleading standards, and the correlative standards for ruling on a motion to dismiss under Rule 12(b)(6), are well known. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).

To establish an outrage claim under Arkansas law,[2] a plaintiff must demonstrate:

(1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct;

(2) the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community;

(3) the actions of the defendant were the cause of the plaintiff's distress; [and]

(4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Rees v. Smith*, 2009 Ark. 169, *5, 301 S.W.3d 467, 472 (2009) (citing *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002)).

The defendants' alleged actions, as described in the complaint, are not so "extreme and outrageous" as to be "beyond all possible bounds of decency" and "utterly intolerable in a civilized community," given the narrow view of the tort of outrage by Arkansas courts. *See McQuay*, 331 Ark. at 470-71, 963 S.W.2d at 585 ("[The Arkansas Supreme Court] gives a narrow view to the tort of outrage . . . . Merely describing the conduct as outrageous does not make it so."); *Crockett v. Essex*, 341 Ark. 558, 564, 19 S.W.3d 585, 590 (2000) ("We have taken a strict approach in determining the validity of outrage cases, and recognized that 'the tort of outrage should not and does not open the doors of the courts to every slight insult or indignity one must endure in life.'" (citation omitted)); *see also Hamaker v. Ivy*, 51 F.3d 108, 110 (8th Cir. 1995) ("the Arkansas courts take a very narrow view of claims for the tort of outrage."). Moreover, the complaint alleges only in a conclusory fashion that the plaintiffs suffered "damage . . . in the nature of emotional distress." As

---

[2] As this is a diversity action, the Court is obliged to follow Arkansas law in analyzing the tort of outrage. *See Poindexter v. Armstrong*, 934 F. Supp. 1052, 1054 (W.D. Ark. 1994).

7

noted above, the Court is not required to accept mere "labels and conclusions" such as this. The complaint fails to state a claim for the tort of outrage.

## CONCLUSION

For the reasons explained above, the defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Document #5. The defendants' motion to dismiss for lack of jurisdiction is denied. The defendants' motion to dismiss on abstention grounds is likewise denied. The defendants' motion to dismiss the outrage claim is granted. The outrage claim is dismissed without prejudice.

IT IS SO ORDERED this 4th day of September, 2012.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE